**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA EX REL.
GLEN L. BUCKNER,

Plaintiff,

v. ACTION NO. 2:05cv488

ALLPRO ENVIRONMENTAL SERVICES, LLC,

SHAW ENVIRONMENTAL, INC.,

IT ENVIROSCIENCE CORPORATION,
agent of IT Corporation,

and

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

Defendants.

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference entered March 1, 2006.

This case was referred for a report and recommendation for the disposition of Shaw Environmental, Inc.'s ("Shaw's") Motion for Default Judgment [Document No. 10], and Glenn L. Buckner's ("Buckner's") Motion for Entry of Judgment by Default Against Defendant AllPro

Environmental Services, LLC ("AllPro") [Document No. 11]. The Court recommends ENTERING judgment by default in favor of Shaw against AllPro pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, in the amount of forty-four thousand seven hundred nine dollars and ninety-six cents ($44,709.96). The Court further recommends ENTERING judgment by default in favor of Buckner against AllPro in the amount of sixteen thousand three hundred eighty-seven dollars and fifty-four cents ($16,387.54).

## I. PROCEDURAL HISTORY

On August 22, 2005, Buckner filed a complaint against the defendants alleging breach of contract and breach of payment bond obligations. A copy of the complaint and summons was personally served upon AllPro through its registered agent, Karen M. Crowley. The return of service was filed on September 12, 2005. Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, AllPro had twenty days to file an answer or responsive pleading. As of the filing of this Report and Recommendation, no answer or responsive pleading has been filed. On October 12, 2005, the Clerk entered default against AllPro pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

On September 19, 2005, Shaw filed an answer and cross-claim against AllPro. A copy of the cross-claim and summons was personally served upon AllPro through its registered agent, Karen M. Crowley. The return of service was filed on December 21, 2005. AllPro had twenty days to file an answer to the cross-claim or responsive pleading. As of the filing of this Report and Recommendation, no answer to the cross-claim or responsive pleading has been filed, and AllPro has made no appearance in the case. On January 31, 2006, the Clerk entered default against AllPro

on the cross-claim pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Buckner reached a settlement agreement with all defendants with the exception of AllPro, and an order was entered on February 10, 2006, dismissing with prejudice all claims except the claims pending against AllPro.

On February 27, 2006, Shaw filed a motion for default judgment against AllPro. The Declaration of Julia A. Madden is attached to the motion requesting judgment by default in the amount of $44,709.96. Buckner also filed a motion for entry of judgment by default against AllPro on February 27, 2006. The Declaration of Glenn L. Buckner is attached to the motion requesting judgment by default in the amount of $16,387.54.

On March 1, 2006, the case was referred to the undersigned to conduct a hearing and prepare a report and recommendation on the disposition of the motions for default judgment. Accordingly, a hearing was held on March 27, 2006. John R. Lockard, Esq. represented Glenn L. Buckner. Travis A. Sabalewski, Esq. represented defendant Shaw. Defendant Allpro made no appearance. The Official Court Reporter was Penny Wile.

## II. FINDINGS

Upon default, the facts alleged in the complaint are deemed admitted. Following a full review of the pleadings and exhibits, the undersigned Magistrate Judge finds that Buckner and Shaw have established the following by a preponderance of the evidence.

IT Enviroscience Corporation t/a IT Corporation ("IT") contracted with the United States Navy for a certain construction project commonly known as the "Sewer Line, Storm Drain and Water Distribution Line Maintenance, Rehabilitation and Installation for the Navy Public Works Center,

Norfolk, Virginia, U.S. Navy Contract No. N62470-99-D-7000" (the "Project"). (Compl.¶ 9.) IT subcontracted a portion of the work to AllPro effective November 26, 2001. (Madden Decl., Ex. C to Shaw's Mot. for Default J., ¶ 4.) An unsigned copy of the subcontract is attached as Exhibit A to Shaw's motion for default judgment. Subsequent to the execution of the subcontract, a parent company of Shaw purchased certain assets of IT, and the rights and responsibilities under the subcontract were assigned to Shaw. (Madden Decl. ¶ 5.)

Ultimately, AllPro subcontracted a portion of the work for the Project to Buckner. (Compl.¶12.) Buckner performed services as required by the subcontract with AllPro, and invoiced AllPro $44,537.54 for work performed on the Project. (Compl.¶¶ 14, 15.) A copy of the invoice is attached as Exhibit A to Buckner's motion for default judgment. Payment was due under the subcontract on August 22, 2004, however, AllPro failed to pay Buckner. (Compl.¶ 6; Buckner Decl., Ex. 2 to Buckner's Mot. for Default J., ¶¶ 3, 4.)

In accordance with 40 U.S.C. § 3131(b)(2), IT, as principal, and Travelers Casualty Insurance Company of America ("Travelers"), as surety, posted a Payment Bond for the Project.(Compl.¶ 19.) A copy of the Payment Bond is attached as Exhibit A to the complaint. Shaw became principal, or co-principal, on the Payment Bond pursuant to the purchase of certain assets of IT. (Compl.¶ 19.) Buckner made a demand upon Shaw, IT, and Travelers for payment of the $44,537.54 due under the Payment Bond. (Compl.¶¶ 20-22.) Following the filing of the complaint, and as a result of settlement negotiations, Shaw paid Buckner twenty-eight thousand one hundred and fifty dollars ($28,150.00) on January 31, 2006. (Madden Decl. ¶ 9.) A copy of the check was introduced into evidence at the hearing as Buckner's Exhibit 1. Consequently, an Order was entered on February 10, 2006, dismissing with prejudice all of Buckner's claims except the claims pending against

AllPro.

In Shaw's motion for default judgment, Shaw is seeking judgment against AllPro for the $28,150.00 paid pursuant to the settlement agreement. (Madden Decl. ¶ 10.) Shaw is also seeking costs and attorneys fees in the amount of $16,559.96 pursuant to the following language contained in the subcontract:

> The Subcontractor [AllPro] agrees to defend, indemnify and hold harmless and hereby releases IT, its parent, subsidiary, and affiliated companies . . . from and against all liabilities, losses, damages, demands, claims, suits, fines, penalties, costs and expenses including reasonable legal fees and other expenses of investigation and litigation arising out of or related to Subcontractor's breach of this Agreement . . .

(Ex. A to Shaw's Mot. for Default J., pp. 16-17; Madden Decl. ¶ 10.) Accordingly, Shaw is seeking to have default judgment entered against AllPro and in favor of Shaw for a total of $44,709.96.

Federal Rule of Civil Procedure 55 provides for judgment by default when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the action. Judgment by default is appropriate in this case where AllPro has failed to file an answer or responsive pleading to the cross-claim, and has failed to make any appearance in the case. Shaw has established by a preponderance of the evidence damages in the amount of $28,150.00, and costs and attorneys fees in the amount of $16,559.96 resulting from AllPro's breach of the subcontract, for a total of $44,709.96.

Buckner testified he is now seeking $16,387.54 from AllPro. This is the balance due on the $44,537.54 invoice, less the settlement amount received from Shaw of $28,150.00. In addition, Buckner's attorney requested pre-judgment interest at the rate of 1.5% per month on the $16,387.54 from the date payment was due, August 22, 2004. Buckner's attorney explained that Buckner bases

the request for the rate of 1.5% per month on an understanding he had with AllPro that 1.5% per month would be assessed by Buckner on all overdue invoices. This 1.5% assessment is reflected in the invoice attached to the motion for default judgment. However, there is no contract in the record to support the 1.5% per month interest rate requested, and Buckner did not testify to this interest rate while on the stand. As a result, the Court finds Buckner did not establish this interest rate by a preponderance of the evidence, and will not recommend an award of pre-judgment interest.

Pursuant to Federal Rule of Civil Procedure 55, judgment by default is appropriate against AllPro and in favor of Buckner where AllPro has failed to file an answer or responsive pleading to the original complaint, and has failed to make any appearance in the case. Buckner has established by a preponderance of the evidence damages in the amount of $16,387.54.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that judgment by default be entered in favor of Shaw and against AllPro pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, in the amount of forty-four thousand seven hundred nine dollars and ninety-six cents ($44,709.96). Further, the Court recommends that judgment by default be entered in favor of Buckner and against AllPro pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, in the amount of sixteen thousand three hundred eighty-seven dollars and fifty-four cents ($16,387.54).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/

Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

April 7, 2006

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

AllPro Environmental Services, LLC
Attn: Ms Karen M. Crowley, Registered Agent
1435 Crossways Blvd., Ste. 300
Chesapeake, VA 23320

John R. Lockard, Esq.
Vandeventer Black, LLP
500 World Trade Ctr.
Norfolk, VA 23510

Curtis G. Manchester, Esq.
Travis A. Sabalewski, Esq.
Reed Smith LLP
Suite 1700
Richmond, VA 23219-4068

Elizabeth H. Paret, Clerk

By ______________________________
Deputy Clerk

April , 2006